# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHISN DISTRICT OF IOWA
# WESTERN DIVISION

JORGE LUIS SERRANO,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C17-4071-MWB
No. CR10-4067-MWB

**INITIAL REVIEW ORDER**

## I. INTRODUCTION AND BACKGROUND

Petitioner Jorge Luis Serrano's *pro se* Motion Under 28 U.S.C. § 2255 To Correct/Modify Sentence Pursuant to U.S.S.G. App. C Amend 794 (docket no. 1) is before me. Specifically, Serrano's § 2255 motion is before me for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or this response within a fixed time, or take this action the judge may order.

28 U.S.C. § 2255 Rule 4(b). Pursuant to Rule 4(b), I have conducted an initial review of Serrano's § 2255 motion. For the reasons discussed, below, it appears plainly from the face of the motion and the record that Serrano is not entitled to relief, and his motion is summarily dismissed.

In an Indictment returned on August 18, 2010, Serrano was charged with conspiracy to distribute 500 grams of methamphetamine and to distribute 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On October 25, 2010, pursuant to a written plea agreement, Serrano entered a plea of guilty to Count 1 of the Indictment. Subsequently, on April 26, 2011, I sentenced Serrano to 180 months imprisonment and 5 years of supervised release. Serrano did not appeal his sentence or conviction. Judgment was entered on April 29, 2011.

On December 11, 2014, Serrano filed a *pro se* Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines Manual. I found that Amendment 782 would not alter Serrano's guidelines sentencing range and, therefore, ruled Serrano was not eligible for § 3582(c)(2) relief. I denied Serrano's *pro se* Motion to Reduce. On December 7, 2017, Serrano filed his *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence. In his § 2255 motion, Serrano asserts seven claims of ineffective assistance of counsel.

## II.　　LEGAL ANALYSIS

Because Serrano did not file his § 2255 motion until December 7, 2017, more than six and one-half years after his conviction became final, the motion's timeliness must be addressed initially. Motions brought pursuant to § 2255 are subject to a one-year statute of limitations that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the timeliness of Serrano's § 2255 motion is determined based on "the date on which the judgment of conviction becomes final," *see* § 2255(f)(1), which, here, is when the time for filing a direct appeal expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) ("holding that for purposes of 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or his conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Serrano's one-year limitations period to file a § 2255 motion began to run on April 29, 2011, when the date of his judgment became final. Serrano did not file his § 2255 motion until December 7, 2017, five and one-half years after the period of limitations expired on April 29, 2012. Accordingly, under § 2255(f)(1), Serrano's § 2255 motion is denied as untimely.

### III. CERTIFICATE OF APPEALABILITY

Serrano must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Serrano's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Serrano's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Serrano wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV. CONCLUSION

For the reasons discussed, above, Serrano's amended motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 12th day of December, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA